IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE WILSON, JR.<br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC., JOHN/JANE DOE WALMART EMPLOYEE 1-10 and JOHN JANE DOES 1-10 JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE<br>　　　　　Defendants. | CIVIL ACTION<br><br>CASE NO. 1:23-cv-00179<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Walmart Inc. (hereinafter referred to as "Walmart") files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No.: ATL-L-002072-22, where it is currently pending, to the United States District Court for the District of New Jersey, and avers in support thereof as follows:

1.　Plaintiff Willie Wilson, Jr. (hereinafter "Plaintiff") initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. ATL-L-002072-22, on or about July 28, 2022. *See* Plaintiff's Complaint attached hereto as Exhibit "A."

2.　The Complaint alleges, *inter alia*, that on or about February 27, 2022 Plaintiff was at Walmart Store No. 2108, located at 4620 Black Horse Pike, Mays Landing, New Jersey where he "slipped on a clothes hanger left on the floor" which caused him to fall and suffer unspecified injuries, resulting in an unspecified surgery. *See* Exhibit "A," First Count, ¶¶ 1, 4.

3. Walmart responded to Plaintiff's Complaint by way of Answer with Affirmative Defenses on November 21, 2022. *See* Walmart's Answer with Affirmative Defenses, attached hereto as Exhibit "B."

4. The State Court wherein this action was originally filed is located in Atlantic County, New Jersey, which is embraced within this jurisdictional district.

5. Removal from the Superior Court of New Jersey, Law Division, Ocean County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

6. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

**I.   This Matter is Properly Removable Based on Diversity of Citizenship.**

7. "The party asserting diversity jurisdiction bears the burden of proof." *McCann v. George W. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3rd Cir. 2006).

8. "Citizenship is synonymous with domicile, and the domicile of an individual is his true and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Id.* (internal quotations omitted).

9. "A party generally meets this burden by proving diversity of citizenship by a preponderance of evidence." *Id.* at *286.

10. Plaintiff avers that he is a resident of Mays Landing, New Jersey. *See* Exhibit "A."

11. On the date of the incident, Plaintiff advised the store that he lived in Mays Landing, New Jersey, providing the store with a Mays Landing address. *See* Plaintiff's Customer Incident Report, attached hereto as Exhibit "C."

12.      As such, it is clear, by a preponderance of the evidence, that Plaintiff is domiciled in New Jersey.

13.      Thus, Plaintiff is a citizen of New Jersey.

14.      Under 28 U.S.C. § 1141(b)(1) the citizenship of the John/Jane Doe defendants are disregarded for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

15.      On February 27, 2022 and at all times since, the subject premises located in Mays Landing, New Jersey was maintained and operated by Wal-Mart Stores East, LP, whose sole owners and limited partners are ultimately Walmart, Inc. through various subsidiaries.

16.      Wal-Mart Stores East, LP, unnamed in this action, is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas. It is a citizen of Delaware. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Wal-Mart Stores, Inc. (WMSI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a

Delaware corporation (WMSI). None of Wal-Mart Stores East, LP's limited or general partners are citizens of the State of New Jersey, so the requirements of diversity jurisdiction are satisfied.

17. Walmart Inc., the only actual named entity in this matter, is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, and thus is a citizen of both the states of Delaware and Arkansas.

18. As such, collectively Defendant and Wal-Mart Stores East, LP, the unnamed operating entity, are citizens of the States of Delaware and Arkansas, and not the State of New Jersey.

19. Accordingly, Plaintiff is diverse from the named Defendants and the requirements for removal based on diversity of citizenship are satisfied.

## II. This Matter is Properly Removable Since the Amount in Controversy Exceeds the Jurisdictional Limit of $75,000.

20. Defendant has reason to believe that Plaintiff's damages exceed $75,000.00 due to his Statement of Damages of $250,000. *See* Exhibit "D."

21. Where a case started by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also*, § 1446(c)(3)(A).

22. Based on the four corners of Plaintiff's Complaint alone, Defendant could not reasonably or intelligently conclude that the amount in controversy exceeded the jurisdictional minimum.

23. Plaintiff's Complaint does not allege any specific injury, treatment, expense incurred, or make any other averment which could allow Walmart to conclude that Plaintiff's damages exceed the jurisdictional limit. *See* Generally Exhibit "A."

24. Rather, Plaintiff relies on standard, boilerplate language in reference to his alleged damages. *Id.*

25. Thus, Walmart had no means of ascertaining the amount in controversy until it received Plaintiff's Statement of Damages.

26. As such, Plaintiff's Statement of Damages, received by Walmart on December 14, 2022 established, for the first time, that the amount in controversy exceeds the jurisdictional limit of $75,000.

27. Based on the foregoing, Defendant submits that the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000, exclusive of interest and costs, and the requirements for removal are satisfied.

28. Further, this Notice of Removal is filed within thirty (30) days of service of the other paper in which Plaintiff indicated that the case's value exceeded $75,000, thus warranting removal. *See* 28 U.S.C. § 1446(b)(3).

29. As such, Walmart's removal is timely, as it has been filed within 30 days of receipt of the "other paper" in the form of Plaintiff's Statement of Damages.

30. Removal from Superior Court of New Jersey, Law Division, Atlantic County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

31. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

32. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant Walmart Inc. respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.

Respectfully submitted,<br>
**MCDONNELL & ASSOCIATES, P.C.**

Dated: January 13, 2023        By:    */s/ Sean K. Ruckenstein*
                                                          Patrick J. McDonnell, Esquire
                                                          Attorney I.D. No. 026781991
                                                          Sean K. Ruckenstein, Esquire
                                                          Attorney I.D. No. 153282016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE WILSON, JR.<br>　　　　Plaintiff,<br><br>v.<br><br>WALMART INC., JOHN/JANE DOE WALMART EMPLOYEE 1-10 and JOHN JANE DOES 1-10 JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE<br>　　　　Defendants. | CIVIL ACTION<br><br>CASE NO.<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Sean K. Ruckenstein, Esquire, hereby certify that on January 13, 2023, Defendants' Notice of Removal was filed electronically with the Court and is available for viewing and downloading from the ECF website. The filed document was served via facsimile upon the following:

David R. Castellani, Esquire
**Castellani Law Firm, LLC**
450 Tilton Road, Suite 245
Northfield, NJ 08225
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: January 13, 2023

By: */s/ Sean K. Ruckenstein*
Sean K. Ruckenstein, Esquire
*Attorneys for Walmart Inc.*